IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTA ROLANDO HARRIS  \*
           Petitioner

v.  \*  CIVIL ACTION NO. WMN-06-3073

WARDEN  \*
           Respondent.
                       \*\*\*

## **MEMORANDUM**

Donta R. Harris ("Harris"), an inmate confined at the United States Penitentiary-Lee in Jonesville, Virginia, filed various documents with the court on November 20, 2006, holding himself out as an "attorney-in-fact." He seemingly claims that he has discharged a judgment/lien imposed against him in by submitting an "International Bill of Exchange" under his federal criminal case.[1] Paper No. 1. He further alleges that: (1) the debt in question is invalid; (2) the debt collector's claim is disputed; and (3) the debt collector must cease all collection activities. *Id*.

Even after affording these documents a generous construction, the nature of the cause of action is indecipherable. Harris's nonsensical documents do not make out a claim under this Court's federal question jurisdiction.[2] His cause of action shall be dismissed.[3] A separate Order follows.

Date: December 6, 2006

/s/
_____
William M. Nickerson
Senior United States District Judge

---

[1] Harris is referencing *United States v. Harris*, Criminal No. WMN-02-0381 (D. Md.). After four days of a jury trial Harris was re-arraigned and entered guilty pleas to multiple counts of bank robbery and use and possession of a firearm in a crime of violence in violation of 18 U.S.C. § 2113 & 924(c). *Id*. He was sentenced to a total 50-year term on January 13, 2004. Harris's 28 U.S.C. § 2255 motion to vacate was denied by the undersigned on March 8, 2006. *Id*. at Paper Nos. 156 & 157.

[2] At sentencing Harris was also directed to pay a special assessment of $1,300.00 and restitution in the amount of $169, 613.00. He seemingly claims that the Clerk may become: (1) the surety of his debt after notification; and (2) liable for all fees, costs, and expenses. *Id*.

[3] Neither the civil filing fee nor an in forma pauperis motion accompanied the document. This omission is of no moment as the case is subject to dismissal.